CHRISTOPHER L. PITET, SBN 196861
cpitet@grobatypitet.com
JOHN M. ALPAY, SBN 198127
jalpay@grobatypitet.com
GROBATY & PITET LLP
100 Bayview Circle, Suite 210
Newport Beach, California 92660
Telephone: (949) 502-7755
Facsimile: (949) 502-7762

Attorneys for Plaintiff
LUXOTTICA GROUP S.P.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA GROUP S.P.A., an Italian corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PARTY CITY HOLDCO INC., a Delaware corporation; and DOES 1 through 10, inclusive<br><br>    Defendants. | CASE NO. **'15CV1739 BEN BLM**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT;**<br>2. **FALSE DESIGNATION OF ORIGIN;**<br>3. **TRADEMARK DILUTION;**<br>4. **COMMON LAW TRADEMARK INFRINGEMENT; AND**<br>5. **UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

Grobaty & Pitet
LLP

**COMPLAINT**

Plaintiff LUXOTTICA GROUP S.P.A. ("Luxottica" or "Plaintiff") hereby complains of Defendant PARTY CITY HOLDCO INC. ("Defendant") and DOES 1 through 10, inclusive, and alleges as follows:

## I.

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the Republic of Italy, having its principal place of business at Piazzale Luigi Cadorna 3, Milan, 20123 Italy.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation organized and existing under the laws of the state of Delaware and has a principal place of business at 80 Grasslands Road, Elmsford, New York 10523.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## II.

## JURISDICTION AND VENUE

4. This is an action for (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin arising under 15 U.S.C. § 1125(a), (c) trademark dilution arising under 15 U.S.C. § 1125(c), (d) trademark infringement arising under the common law of the State of California, and (f) unfair competition arising under California Business & Professions Code § 17200.

5. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116(a) and 1121(a) and 28 U.S.C. §§ 1331 and 1338 over the claims arising under the laws of the United States. This Court has supplemental jurisdiction over the remaining claims in

this Complaint pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by regularly doing and soliciting business and deriving revenue from goods provided to individuals in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such eyewear products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Luxottica's claim.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)-(d).

### III.

### GENERAL ALLEGATIONS

8. Luxottica is a well-known and established manufacturer, distributor and retailer of high quality eyewear. Many of these lines of eyewear, such as Ray-Ban®, have enjoyed substantial success and are protected by various intellectual property rights owned or licensed by Luxottica.

9. Luxottica has marketed and sold its high quality eyewear in connection with the WAYFARER® mark (the "Luxottica Mark"). Since Luxottica began using the Luxottica Mark, its use of the mark in connection with eyewear has been continuous and exclusive.

10. Over the years Luxottica has invested a considerable amount

of time and money in establishing the Luxottica Mark in the minds of consumers as a source of high quality eyewear. As a result of Luxottica's substantial use and promotion of the Luxottica Mark in connection with the eyewear and other products, the mark has acquired great value as a specific identifier of Luxottica's products and serves to distinguish Luxottica's products from that of others. Customers in this Judicial District and elsewhere readily recognize the Luxottica Mark as distinctive designations of origin of Luxottica's products. The Luxottica Mark is an intellectual property asset of great value as a symbol of Luxottica's quality products and goodwill.

11. Luxottica is the owner of Trademark Registration Nos. 595,513 for the Luxottica Mark.

12. Trademark Registration No. 595,513 was registered with the U.S.P.T.O. on September 21, 1954. Trademark Registration No. 595,513 is associated with the following goods: sunglasses. A true and correct copy of the certificate of registration of Trademark Registration No. 595,513 is attached hereto as Exhibit A.

13. Without permission or consent from Luxottica, Defendant is offering for sale, distributing, marketing, and/or selling eyewear bearing the Luxottica Mark.

14. Defendant did not begin using its infringing mark in connection with eyewear until long after Luxottica began using the Luxottica Mark.

15. Luxottica is informed and believes, and on that basis alleges, that Defendant's unauthorized use of its infringing mark is intended to trade upon the goodwill and substantial recognition associated with Luxottica and the Luxottica Mark.

16. Luxottica is informed and believes, and on that basis alleges, that Defendant is using its infringing mark in an attempt to associate its eyewear products with Luxottica and the Luxottica Mark, to cause mistake or deception as to the source of Defendant's eyewear products and/or to otherwise trade upon Luxottica's valuable reputation and customer goodwill in its mark.

17. Luxottica is informed and believes, and on that basis alleges, that Defendant's use of its infringing mark is designed to cause confusion, mistake, or deception.

18. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Luxottica's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Luxottica's and Defendant's goods, has caused actual confusion, and has otherwise competed unfairly with Luxottica by unlawfully trading on and using the Luxottica Mark without Luxottica's permission or consent.

19. At no time has Luxottica ever given Defendant license, permission or authority to use or display the Luxottica Mark in connection with any of Defendant's eyewear products.

20. Luxottica is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

21. Defendant's acts complained of herein have caused Luxottica to suffer irreparable injury to its business.  Luxottica will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## IV.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

22. Luxottica repeats and re-alleges the allegations of paragraphs 1- 22 of this Complaint as if set forth fully herein.

23. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

24. Defendant has used in commerce, without Luxottica's permission, reproductions, copies or colorable imitations of the Luxottica Mark in connection with distributing, selling, offering for sale, advertising, and/or promoting Defendant's eyewear.

25. Without Luxottica's permission, Defendant is reproducing, copying, or colorably imitating the Luxottica Mark and applying such reproductions, copies or colorable imitations to merchandise, labels, signs, packages, receptacles or advertisements intended to be used in commerce upon or in connection with the distributing, selling, offering for sale, advertising and/or promoting of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

26. Luxottica is informed and believes, and on that basis alleges, that Defendant's activities complained of herein constitute willful and intentional infringements of the Luxottica Mark, and that Defendant did so with the intent to unfairly compete against Luxottica, to trade upon Luxottica's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's eyewear products

are associated with, sponsored by, originated from, or are approved by Luxottica, when in truth and fact they are not.

27. Luxottica is informed and believes, and on that basis alleges, that Defendant had actual knowledge of Luxottica's ownership and prior use of the Luxottica Mark and without the consent of Luxottica has willfully infringed the Luxottica Mark in violation of 15 U.S.C. § 1114.

28. Luxottica is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Luxottica Mark in an amount that is not presently known to Luxottica. By reason of Defendant's actions, constituting unauthorized use of the Luxottica Mark, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial.

29. Due to Defendant's actions, constituting unauthorized use of the Luxottica Mark, Luxottica has suffered and continues to suffer great and irreparable injury, for which Luxottica has no adequate remedy at law.

**V.**

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition & False Designation of Origin)**

**15 U.S.C. § 1125(a))**

30. Luxottica repeats and realleges the allegations of paragraphs 1-22 of this complaint as if set forth fully herein.

31. This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

32. Without Luxottica's consent, Defendant has created and will create a false designation of origin by using in commerce the

Luxottica Mark and/or other marks confusingly similar to the Luxottica Mark in connection with the distribution, sale, offering for sale, advertising, and/or promotion of Defendant's eyewear, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with Luxottica or to suggest Luxottica as the origin of the goods and/or services, or that Luxottica has sponsored or approved Defendant's commercial activities.

33. Luxottica is informed and believes, and on that basis alleges, that Defendant acted with the intent to unfairly compete against Luxottica, to trade upon Luxottica's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's eyewear products are associated with, sponsored by or approved by Luxottica, when they are not.

34. Luxottica is informed and believes, and on that basis alleges, that Defendant had knowledge of Luxottica's ownership and prior use of the Luxottica Mark, and without the consent of Luxottica, has willfully committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

35. Luxottica is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Luxottica. By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Luxottica has been

damaged and is entitled to monetary relief in an amount to be determined at trial.

36. Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Luxottica has suffered and continues to suffer great and irreparable injury, for which Luxottica has no adequate remedy at law.

## VI.

## THIRD CLAIM FOR RELIEF

## (Federal Trademark Dilution)

## (15 U.S.C. § 1125(c))

37. Luxottica repeats and re-alleges the allegations of paragraphs 1-37 of this Complaint as if set forth fully herein.

38. This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

39. The products sold by Luxottica under the Luxottica Mark have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

40. Luxottica's products sold under the Luxottica Mark, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as high quality products, which are sold under excellent merchandising and customer service conditions. As a result, the Luxottica Mark, and the goodwill associated therewith, are of great value to Luxottica.

41. By virtue of the wide renown acquired by the Luxottica Mark, coupled with the national and international distribution and

extensive sale of various products distributed under the Luxottica Mark, the Luxottica Mark is famous and became so prior to Defendant's acts complained of herein.

42. Defendant's unauthorized commercial use of the Luxottica Mark in connection with the advertisement, offering for sale and sale of Defendant's eyewear products has caused and is likely to continue to cause dilution of the distinctive quality of the famous Luxottica Mark.

43. Defendant's acts are likely to tarnish, injure, or trade upon Luxottica's business, reputation or goodwill, and to deprive Luxottica of the ability to control the use of its Luxottica Mark and quality of products associated therewith.

44. Luxottica is informed and believes, and on that basis alleges, that Defendant's dilution has been willful and deliberate.

45. By reason of the aforesaid acts constituting trademark dilution, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial.

46. Due to Defendant's actions, constituting trademark dilution, Luxottica has suffered and continues to suffer great and irreparable injury, for which Luxottica has no adequate remedy at law.

## VII.

## FOURTH CLAIM FOR RELIEF

### (California Common Law Trademark Infringement)

47. Luxottica repeats and re-alleges the allegations of paragraphs 1-47 of this Complaint as if set forth fully herein.

48. This is a claim for trademark infringement, arising under

Grobaty & Pitet LLP

California common law.

49. Defendant's acts complained of herein constitute trademark infringement under California common law. Defendant's acts complained of herein are willful and deliberate and committed with knowledge that Defendant's unauthorized use of the Luxottica Mark causes a likelihood of confusion.

50. Luxottica is informed and believes, and thereon alleges, that Defendant has derived and received and will continue to derive and receive, gains, profits and advantages from Defendant's trademark infringement in an amount that is not presently known to Luxottica. By reason of Defendant's wrongful acts as alleged in this Complaint, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial.

51. Due to Defendant's trademark infringement, Luxottica has suffered and continues to suffer great and irreparable injury for which Luxottica has no adequate remedy at law.

52. Defendant's willful acts of trademark infringement under California common law constitute fraud, oppression, and malice. Accordingly, Luxottica is entitled to exemplary damages.

## VIII.

## FIFTH CLAIM FOR RELIEF

### (California Unfair Competition)

53. Luxottica repeats and re-alleges the allegations of paragraphs 1-53 of this Complaint as if set forth fully herein.

54. This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq. and California common law.

55. Defendant's acts of trademark infringement, false

1  designation of origin, and trademark dilution complained of herein
2  constitute unfair competition with Luxottica under the common law and
3  statutory laws of the State of California, particularly California
4  Business & Professions Code
5  § 17200 et seq.

7  56.   Luxottica is informed and believes, and thereon alleges,
8  that Defendant has derived and received, and will continue to derive
9  and receive, gains, profits and advantages from Defendant's unfair
10 competition in an amount that is not presently known to Luxottica.
11 By reason of Defendant's wrongful acts as alleged in this Complaint,
12 Luxottica has been damaged and is entitled to monetary relief in an
13 amount to be determined at trial.
14 57.   By its actions, Defendant has injured and violated the
15 rights of Luxottica and has irreparably injured Luxottica, and such
16 irreparable injury will continue unless Defendant is enjoined by this
17 Court.

### PRAYER FOR RELIEF

19 **WHEREFORE**, Luxottica prays for judgment in its favor against
20 Defendant for the following relief:
21 1.   That the Luxottica Mark be deemed valid and willfully
22 infringed by Defendant in violation of 15 U.S.C. § 1114, et seq.;
23 2.   A preliminary and permanent injunction against Defendant,
24 its officers, agents, servants, employees, representatives,
25 successors, and assigns, and all persons, firms, or corporations in
26 active concert or participation with Defendant, enjoining them from
27 engaging in the following activities and from assisting or

Grobaty & Pitet LLP

12

**COMPLAINT**

inducing, directly or indirectly, others to engage in the following activities:

    A. using to market, advertise, promote, sell, offer for sale, and/or identify Defendant's goods with the Luxottica Mark or any mark that is confusingly similar to the Luxottica Mark or is likely to create the erroneous impression that Defendant's goods or services originate from Luxottica, are endorsed by Luxottica, or are connected in any way with Luxottica;

    B. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any eyewear products bearing any of the Luxottica Mark and/or any confusingly similar marks;

    C. otherwise infringing or diluting the Luxottica Mark and/or any of Luxottica's other trademarks;

    D. falsely designating the origin of Defendant's goods;

    E. unfairly competing with Luxottica in any manner; or

    F. causing a likelihood of confusion or injuries to Luxottica's business reputation;

3.    That Defendant be directed to file with this Court and serve on Luxottica within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

4.    That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Luxottica all reasonable attorneys' fees, costs and

disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

5. That Defendant be required to account for any and all profits derived by its acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint;

6. That Luxottica be awarded damages for Defendant's trademark infringement pursuant to 15 U.S.C. § 1117 in the form of Defendant's profits, damages sustained by Luxottica and the costs of the action, together with prejudgment and post-judgment interest;

7. That Defendant's acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint be deemed willful, and that Luxottica be entitled to enhanced damages;

8. That Defendant be adjudged to have acted with willful intent to trade on Luxottica's reputation and to dilute the famous Luxottica Mark in violation of 15 U.S.C. § 1125(c), et seq.;

9. That Defendant be adjudged to have willfully and maliciously infringed the Luxottica Mark in violation of Luxottica's common law rights under California common law;

10. That Defendant be adjudged to have violated California Business & Professional Code § 14247 by seeking to injure Luxottica's business reputation and to dilute the distinctive quality of the Luxottica Mark;

11. That Defendant be adjudged to have competed unfairly with Luxottica under the common law of the State of California;

12. That Defendant be adjudged to have competed unfairly with

Grobaty & Pitet LLP

Luxottica under California Business & Professional Code § 17200, and that Defendant's actions in so doing be adjudged willful and done knowingly;

13. That an accounting be ordered to determine Defendant's profits resulting from its infringement, unfair competition, dilution, and false designation of origin, and that Luxottica be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy, including:

    A. all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

    B. all damages sustained by Luxottica as a result of Defendant's acts of infringement, unfair competition, false designation of origin, and dilution, and that such damages be trebled; and

    C. punitive damages stemming from Defendant's willful, intentional, and malicious acts;

14. That such damages and profits be trebled and awarded to Luxottica pursuant to 15 U.S.C. § 1117;

15. That Luxottica recover exemplary damages pursuant to California Civil Code § 3294;

16. That Luxottica have and recover the costs of this civil action, including reasonable attorneys' fees;

17. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

Grobaty & Pitet LLP

18. Such other and further relief as this Court may deem just and proper.

Dated: August 5, 2015

CHRISTOPHER L. PITET
JOHN M. ALPAY
GROBATY & PITET LLP

By: */s/ Christopher L. Pitet*
      Christopher L. Pitet

Attorneys for Plaintiff
LUXOTTICA GROUP S.P.A.

**DEMAND FOR JURY TRIAL**

Plaintiff Luxottica Group S.P.A. hereby demands a trial by jury on all issues triable by a jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 5, 2015         CHRISTOPHER L. PITET
                              JOHN M. ALPAY
                              GROBATY & PITET LLP


                              By: */s/ Christopher L. Pitet*
                                      Christopher L. Pitet

                              Attorneys for Plaintiff
                              LUXOTTICA GROUP S.P.A.