MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
BEN T. LILA (SBN 246808)
MANDOUR & ASSOCIATES, APC
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone:  (858) 487-9300
Facsimile: (858) 487-9390
Email: jmandour@mandourlaw.com

Attorneys for Defendant,
PARTY CITY HOLDCO INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA GROUP S.P.A., an Italian corporation, | **Civil Case No. 15 CV 1739 AJB DHB** |
| Plaintiff, | **DEFENDANT PARTY CITY HOLDCO INC.'S  ANSWER TO THE COMPLAINT** |
| v. | |
| PARTY CITY HOLDCO INC., a Delaware corporation; and DOES 1 through 10, inclusive | |
| Defendant. | |

\\
\\
\\
\\

Defendants PARTY CITY HOLDCO, INC. "Party City") hereby answers the Complaint of LUXOTTICA GROUP S.P.A. ("Luxottica"):

## PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis denies them.

2. Admit.

3. Denied.

## JURISDICTION AND VENUE

4. Defendant admits the Complaint purports to allege claims under the Lanham act and California law. Defendant denies plaintiff is entitled to any relief.

5. Defendant admits the Court has subject matter jurisdiction over this action. Defendant denies the remainder of this paragraph.

6. Denied.

7. Denied.

## GENERAL ALLEGATIONS

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis, denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis, denies them.

10. Denied.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies them.

12. Defendant admits U.S. Trademark Registration No. 595,513 purports to be registered with the U.S.P.T.O on September 21, 1954 in association with sunglasses. Defendant admits Exhibit A speaks for itself.

13. Defendant admits selling goods using the word "wayfarer". Defendant denies plaintiff's trademark is valid. Defendant denies it requires plaintiff's permission or consent to offer for sale, distribute, market, or sell any goods and the remainder of this paragraph.

14. The Party City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies them. Defendant denies that its use of the term "wayfarer" is infringing.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendant denies it requires plaintiff's authority to use or display any trademark for any goods.

20. Denied.

21. Denied.

## FIRST CLAIM FOR RELIEF

22. Defendant incorporates by this references all responses stated in paragraphs 1-22.

23. Defendant admits the Complaint purports to allege a claim for trademark infringement. Defendant denies plaintiff is entitled to any relief.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## SECOND CLAIM FOR RELIEF

30. Defendant incorporates by this references all responses stated in paragraphs 1-22.

31. Defendant admits the Complaint purports to allege a claim for unfair competition and false designation of origin. Defendant denies plaintiff is entitled to any relief.

32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Denied.

## THIRD CLAIM FOR RELIEF

37. Defendant incorporates by this references all responses stated in paragraphs 1-37.

38. Defendant admits the Complaint purports to allege a claim for federal trademark dilution. Defendant denies plaintiff is entitled to any relief.

39. Denied.
40. Denied.
41. Denied.
42. Denied.
43. Denied.
44. Denied.
45. Denied.
46. Denied.

## FOURTH CLAIM FOR RELIEF

47. Defendant incorporates by this references all responses stated in paragraphs 1-47.

48. Defendant admits the Complaint purports to allege a claim for California common law trademark infringement. Defendant denies plaintiff is entitled to any relief.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition−Cal. Bus. & Prof. Code § 17200, *et seq.*)

53. Defendant incorporates by this references all responses stated in paragraphs 1-53.

54. Defendant admits the Complaint purports to allege a claim for California unfair competition. Defendant denies plaintiff is entitled to any relief.

55. Denied.

56. Denied.

57. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Invalidity

1. Plaintiff's trademark and registration is invalid.

### Second Affirmative Defense: Estoppel and Laches

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, the doctrine of estoppel, and other equitable defenses. On information and belief, defendant alleges plaintiff was aware of defendant's actions and failed to take action.

### Third Affirmative Defense: Unclean Hands

3. The purported claims alleged in the Complaint are barred, in whole or in part, by the doctrine of unclean hands. Defendant alleges plaintiff's claim of

trademark rights is invalid and unenforceable and maintenance of plaintiff's registration is inequitable.

### Fourth Affirmative Defense: Waiver/Acquiescence

4. The purported claims alleged in the Complaint are barred, in whole or in part, because plaintiff, by its acts, omissions and delay, and those of its agents, waived or acquiesced to any claims or causes of action against defendant.

### Fifth Affirmative Defense: Standing

5. Plaintiff lack standing to sue for trademark infringement and related claims. Defendant alleges that plaintiff is not a valid assignee of any purported trademark rights.

### Sixth Affirmative Defense: Fair Use

6. The alleged infringement of plaintiff's purported rights, if any, is protected by the fair use doctrine.

### Seventh Affirmative Defense: Lawful Competition

7. Plaintiff's claims fail, in whole or in part, because the alleged conduct concerns lawful competition that was privileged and/or justified.

### Eighth Affirmative Defense: Statute of Limitation

8. Plaintiff's claims and/or damages are barred, in whole or part, by the applicable statutes of limitation.

### Reservation of Additional Defenses

Defendant reserves all affirmative defenses available under Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, or that may be asserted by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, defendant requests entry of judgment in its favor and against plaintiff as follows:

    a. Denying all relief sought by plaintiff in the Complaint;

    b. Declaring the action to be exceptional and awarding defendant its attorneys' fees pursuant to 15 U.S.C. §1117 or other related law;

    c. Declaring all plaintiff's trademarks invalid and unenforceable; and

    d. such other relief as the Court deems just and appropriate.

Dated: January 6, 2016    **MANDOUR & ASSOCIATES, APC**

    /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Defendant,
PARTY CITY HOLDCO, INC.

## JURY DEMAND

Defendant demands a trial by jury of all issues so triable.

Dated: January 13, 2016        **MANDOUR & ASSOCIATES, APC**

                                       s/ Ben T. Lila
                                    Ben T. Lila
                                    Attorneys for Defendant,
                                    PARTY CITY HOLDCO, INC.

# **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF Filing System, which will serve electronic notice of the same on the following:

Dated: January 13, 2016                    /s Ben T. Lila
                                          Ben T. Lila
                                          Email: blila@mandourlaw.com